## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

Case No. HG 06-05085

DANIEL W. BROWN and
LORA J. BROWN,

     Debtors.

_____/

NOT FOR PUBLICATION

### OPINION RE: LORA BROWN'S OCTOBER 30, 2008 MOTION

Appearances:

Lora J. Brown
Daniel W. Brown
Jeff A. Moyer, Esq., Grandville, Michigan, Chapter 7 Trustee

On October 30, 2008, Lora Brown, who is *pro se*, filed a document entitled "Motion to Compel Turnover." The court denied the motion on November 13, 2008. This opinion supplements that ruling.

### BACKGROUND

Daniel and Lora Brown were in the midst of a divorce when they jointly filed for Chapter 7 relief on October 13, 2006. Indeed, the judgment of divorce was entered only days after. Included among its agreed upon provisions was the requirement that Dr. Brown pay to Ms. Brown a monthly amount on account of her share of Dr. Brown's chiropractic business.

Dr. Brown is now in arrears on this obligation. According to Ms. Brown, the amount past due is $21,400.00. Dr. Brown concedes that he is in arrears. However, he claims that he does not have the wherewithal to pay it.

This is not the first time issues concerning this obligation have been raised with the court. Jeff Moyer, the Chapter 7 Trustee ("Trustee"), and Ms. Brown both claim an interest in the same. It is Trustee's position that the obligation is a property settlement and, as such, Ms. Brown should be allowed only a limited Section 522(d)(5)[1] exemption from the total amount due. On the other hand, Ms. Brown contends that the obligation is in fact alimony and that she may exempt all of what is due under the much broader exemption provided by Section 522(d)(10)(D).[2] That dispute remains unresolved.[3]

There have also been legal hurdles to Trustee's and Ms. Brown's combined efforts to compel Dr. Brown to honor his obligations under the judgment of divorce. This court had earlier indicated that the Kent County Circuit Court, which is the court that entered that judgment, was better suited to oversee its enforcement. However, Ms. Brown and Trustee advised at the November 13, 2008

---

[1] 11 U.S.C. § 522(d)(5). Unless otherwise designated, all further references to "Section ____," shall be to the Bankruptcy Code. 11 U.S.C. §§ 101, *et seq.*

[2] Section 522(d)(10)(D) permits a debtor to exempt from the estate all rights to receive "alimony, support or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." In contrast, Section 522(d)(5) permits a debtor to exempt from the estate's property whatever he chooses but limits the total exemption to a specified amount. $11,200 is currently the maximum permitted under Section 522(d)(5).

[3] This court had originally determined that Dr. Brown's obligation to pay Ms. Brown for her interest in the chiropractic business was part of their property settlement and, as such, was not exemptible under Section 522(d)(10)(D). However, Ms. Brown appealed. The Sixth Circuit Bankruptcy Appellate Panel then reversed and instructed on remand that Ms. Brown should be given the opportunity to offer extrinsic evidence that she and Dr. Brown in fact intended the obligation to be in the nature of support. The evidentiary hearing concerning this remaining issue is currently scheduled for January 12, 2009.

2

hearing that one or both had appeared before the circuit judge or his referee on several occasions without success.  In fact, Ms. Brown and Trustee have been told by that court to return here to enforce the judgment on the apparent belief that Dr. and Ms. Brown's bankruptcies have given this court exclusive jurisdiction.

## DISCUSSION

Ms. Brown's motion is based upon Section 542(b):

> Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

11 U.S.C. § 542(b).

However, an adversary proceeding is necessary whenever the recovery of money or property is sought from anyone other than the debtor.  FED.R.BANKR.P. 7001(1).  Therefore, Ms. Brown's motion is procedurally defective.[4]

There is also the issue of standing.  While Section 542(b) does not specifically exclude persons other than Trustee from seeking enforcement of its command, it nonetheless stands to reason that only Trustee in fact has the ability at this point to invoke its authority to make demand upon Dr. Brown.  After all, it is he, as the sole representative of the estate, who decides if and when collection

---

[4]Dr. Brown, of course, is a debtor in his own right since Ms. Brown and he filed a joint petition. However, their two cases are distinct and each has a separate estate to serve as the repository for his or her property interests. *See*, 11 U.S.C. § 541(a) and FED.R.BANKR.P. 1015(b). Consequently, Dr. Brown is a third party, as opposed to a debtor, from the point of view of Ms. Brown's estate.

3

of a debt should be made. Similarly, it is he alone who should respond in the event the obligor

contests the amount claimed or raises affirmative defenses.[5]

Trustee may then, if he chooses, file an adversary proceeding with this court to secure

payment under Section 542(b). He might even be able to short circuit this obviously cumbersome

process by seeking immediate enforcement of the divorce judgment itself through Section 105(a).[6]

However, Trustee may also seek enforcement of the judgment from the Kent County Circuit

Court itself.[7] Indeed, this alternative may be preferable for no reason other than to facilitate the

estate's ability to immediately garnish Dr. Brown's earnings or attach his assets through that court's

own authority to enforce its judgments. Moreover, the Kent County Circuit Court may be able to

fashion other, more creative methods of compelling Dr. Brown's payment of what he owes given

---

[5]This is not to say, though, that Ms. Brown may not at some time regain control over the obligation due, for Ms. Brown has claimed the same as entirely exempt on the basis that it is alimony. Should she prevail, whatever remains owing on the obligation would revert to her by operation of Section 522(*l*) and it would be Ms. Brown, not Trustee, who would then be entitled to decide how further to pursue its collection.

[6]Section 105(a) provides in part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Although there is no federal statute that generally would permit a state court judgment to be registered with a federal court for collection, *see, Euro-American Coal Trading, Inc. v. James Taylor Mining, Inc.*, 431 F.Supp.2d 705 (E.D. Ky. 2006), it would seem that this court's broad jurisdiction, coupled with Section 105(a), could be used to avoid having to secure a second judgment to enforce a judgment that is otherwise already enforceable.

[7]Although Ms. Brown's rights to payment from Dr. Brown under the judgment of divorce would presumably be non-assignable under Michigan law, Section 541(c)(1) is quite clear that Ms. Brown's rights under that judgment nevertheless transferred to Trustee when she commenced her case.

> Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate . . . notwithstanding . . . applicable nonbankruptcy law . . . that restricts or conditions transfer of such interest by the debtor.

Indeed, the exemption of alimony and other support payments under Section 522(d)(10)(D) would be meaningless if the debtor's rights to such payments did not first become property of the estate under Section 541.

4

that its jurisdiction is not confined to simply the collection of the obligation itself, but rather encompasses all aspects of the Browns' divorce.

It is certainly understandable why a state court might be uneasy about now being called upon to enforce its judgment given that Dr. Brown is not only a Chapter 7 debtor himself but he has also received a discharge from this court. In fact, Trustee would have been barred by the Section 524(a)(2) discharge injunction from proceeding against Dr. Brown had, for example, the judgment entered been only to recover an account receivable due just as Ms. Brown would have been barred had only Dr. Brown filed for Chapter 7 relief and only an account receivable were due her. However, in this instance, the obligation arises from a judgment of divorce and, as such, Dr. Brown's obligation to Ms. Brown is excepted from the discharge either because it is, as Ms. Brown contends, in the nature of support and, therefore, excepted under Section 523(a)(5), or because it is, as Trustee contends, part of a property settlement and, therefore, excepted under Section 523(a)(15).[8]

Nor is the automatic stay a problem. Granted, the stay would still prevent enforcement of the judgment against property of the estate. 11 U.S.C. § 362(a)(2). However, Trustee's (and, for that matter, Ms. Brown's) efforts to date have focused only upon Dr. Brown's post-petition earnings, which, in a Chapter 7 case, are not property of the estate. *See* 11 U.S.C. § 541(a)(6) and *compare*

---

[8]On the other hand, the separate Section 522(c) injunction might prohibit the state court from enforcing its judgment against whatever assets Dr. Brown has successfully exempted from his estate. Whether it would or not depends upon whether Dr. Brown's obligation under the judgment of divorce is alimony or a property settlement. 11 U.S.C. § 522(c).

As already noted, this court is currently in the process of deciding the alimony/property settlement question in connection with Ms. Brown's separate effort to claim this particular obligation as exempt. However, the Kent County Circuit Court would have had concurrent jurisdiction to decide the same issue had it arisen, for example, through Trustee's or Ms. Brown's efforts to enforce Dr. Brown's judgment obligation in that court.

11 U.S.C. § 1306(a).[9]  As for Dr. Brown himself, the automatic stay no longer protects him from enforcement of the judgment because he has received his discharge.  11 U.S.C. § 362(c)(2)(C).[10]

## CONCLUSION

For the reasons stated, Ms. Brown's motion to compel turnover is denied.  Trustee, though, does have standing at this time to proceed against Dr. Brown in this court with regards to the collection of the judgment.  In addition, Trustee can proceed against Dr. Brown in Kent County Circuit Court, that being the court that originally entered the judgment of divorce, at least so long as the collection effort is focused only upon Dr. Brown's future earnings and assets.  Ms. Brown will have the same ability should this court ultimately rule in Ms. Brown's favor concerning her exemption of Dr. Brown's obligation under the judgment of divorce or should Trustee otherwise transfer that obligation to Ms. Brown as part of a settlement.

The court will enter a separate order consistent with this opinion.

12/1/08

Hon. Jeffrey R. Hughes
United States Bankruptcy Judge

Signed this ___1st___ day of ___December___, 2008
at Grand Rapids, Michigan.

_____

[9]This court has until now treated Dr. Brown's obligation under the judgment of divorce as a pre-petition debt. Although the judgment was entered post-petition, it simply incorporated what had already been agreed upon by Dr. and Ms. Brown pre-petition as part of a mediation. If, though, Dr. Brown's obligation is in fact post-petition, consideration of Section 522(c) and 524(a)(2) would be altogether unnecessary since the injunctions imposed by those sections address only a debtor's pre-petition debts. *See also,* 11 U.S.C. § 727(b).

[10]Indeed, if the obligation owing by Dr. Brown is in fact alimony, then Dr. Brown would never have been protected by the automatic stay from the state court's enforcement of that obligation. 11 U.S.C. § 362(b)(2)(B).

6