# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

                                                Case No. HG 06-05085

DANIEL W. BROWN and
LORA J. BROWN,

        Debtors.

_____/

> ## NOT FOR PUBLICATION

### MEMORANDUM OPINION RE: TRUSTEE'S MAY 21, 2009 MOTION

On May 21, 2009, Trustee filed a document entitled "Motion for New Trial or for Amendment of Judgment Under FRBP 9023." The motion is in reference to this court's order dated May 11, 2009 (DN 171) and the evidentiary hearing held on March 23, 2009.

Alteration or amendment of a judgment is appropriate only if there is (a) a clear error of law; (b) newly discovered evidence; (c) an intervening change in controlling law; or (d) a need to prevent manifest injustice. *Intera Corporation v. George Henderson III*, 428 F.3d 605 (6th Cir. 2005), *Gencorp, Inc. v. American International Underwriters*, 178 F.3d 804 (6th Cir. 1999).

In this instance, Trustee contends that there has been a clear error in law based upon *Staple v. Staple*, 241 Mich.App. 562 (2002). *Staple* holds that parties may waive their right under MICH. COMP. LAWS § 552.28 to modify an award (or no award) of alimony as part of a settled divorce but only if that waiver is clearly and unambiguously set forth in the judgment of divorce resulting from the parties' settlement. *Id*. at 581.

Whether Ms. Brown could modify her judgment of divorce to include alimony, though, was never an issue in the evidentiary hearing. Rather, the evidentiary hearing's purpose was to determine whether the payments Dr. Brown was to make to Ms. Brown under the consent judgment as originally drafted were intended to be alimony as opposed to part of a property settlement. Although this court had previously ruled that the consent judgment itself unambiguously established the pertinent obligation as a property settlement, the Sixth Circuit BAP reversed that ruling on appeal and remanded the matter with directions to conduct an evidentiary hearing. The panel reversed that ruling either (1) because, in its opinion, the consent judgment was ambiguous regarding whether the parties intended the obligation to be alimony or to be part of a property settlement, *see*, June 11, 2008 Opinion and Judgment of the Sixth Circuit Bankruptcy Appellate Panel, pp. 11-12 (DN 126),

or (2) because federal law otherwise permits a bankruptcy court to "look behind" what purports to be a property settlement when considering whether an obligation due under that settlement is exemptible under 11 U.S.C. § 522(d)(10)(D).

> [S]ection 522(d)(10)(D), when read as a whole, exempts any payments from the bankruptcy estate that (1) are *intended by the parties or the state court* to support a spouse *and* (2) are, *in the judgment of the bankruptcy court*, reasonably necessary for such purpose. By focusing on the questions of whether divorcing parties have intended purported alimony to be used for basic sustenance and if the amount is reasonably necessary to achieve that purpose, the Court can bypass the formal issue of nomenclature, look to the substance of the obligation, and, in the meantime, uphold Congress' intent.

*Id.* at p. 10 (quoting from *Harbaugh v. Sweet (In re Harbaugh)*, 257 B.R. 485, 491 (E.D. Mich. 2001).

This court disagrees with each of the panel's rulings, as more fully explained in its opinion following the evidentiary hearing. Nonetheless, this court obeyed the panel's direction to consider whether the obligation in Dr. and Ms. Brown's judgment of divorce was intended or could otherwise be construed to be alimony for purposes of 11 U.S.C. § 522(d)(10)(D) and, as a consequence, this court determined that the parties had in fact intended the payments to be support notwithstanding their characterization as being made in connection with a property settlement. As such, the issue of whether Ms. Brown could have later modified the judgment never arose.

Trustee also contends that Ms. Brown was judicially estopped from asserting in this court that the payment obligation was alimony when she had previously taken the position in her state court divorce proceeding that it was part of a property settlement. Trustee, though, did not raise judicial estoppel either in his trial brief nor during the evidentiary hearing. Moreover, if, as the bankruptcy appellate panel opined, the judgment of divorce was in fact ambiguous, that ambiguity would have prevented the estoppel. And finally, judicial estoppel would not have precluded the court from looking beyond the payment obligation to determine whether it was actually alimony, if as the panel also opined, federal law (*i.e.*, 11 U.S.C. § 522(d)(10)(D)) permitted such an inquiry regardless of what had previously been agreed to as part of the judgment of divorce.

As for Trustee's motion for a new trial, Trustee characterizes the March 23, 2009 hearing as a "half-evidentiary hearing" because of this court's decision to admit the de bene esse deposition of Attorney Dawn Krupp over Trustee's objection. That characterization, though, is incorrect. This court's reasons for admitting the deposition are set forth in its opinion and Trustee has not at this time offered any argument that was not previously argued (or could have been argued) at the March 23, 2009 hearing. Moreover, this court notes that Trustee could have asked for an adjournment of the evidentiary hearing on or before March 23, 2009 but did not. Rather, Trustee chose to proceed

2

with the evidentiary hearing and to rely instead upon his anticipated success in objecting to the admission of Attorney Krupp's deposition. That Trustee did not succeed is not cause for him to now seek what is in effect a belated request to adjourn the evidentiary hearing.

Nor does this court surmise any prejudice to Trustee as the result of its decision to defer deciding upon the admissibility of Attorney Krupp's deposition until after the March 23, 2009 hearing was concluded. Trustee suggests in his motion that he was prohibited from offering rebuttal or impeachment testimony from three other persons who participated in the drafting of the judgment of divorce or the underlying mediated settlement, they being Dr. Brown, Attorney Dana Snoap, and Attorney Mary Benedict. However, Trustee did not raise this issue at the March 23, 2009 hearing. Moreover, Trustee otherwise did not attempt to call these witnesses at that hearing even though it would appear that their testimony would have been equally useful for the rebuttal or impeachment of Ms. Brown's own testimony - to wit, that the payments she was to receive under the agreed upon judgment of divorce were always intended by Dr. Brown and her to be in the nature of alimony but that they had been re-characterized in the judgment as payments being made on account of the chiropractic business so that Ms. Brown could avoid paying income taxes on the same. *See, e.g.*, Tr. 3/23/09, p. 52.

Therefore, for the reasons given, Trustee's motion for relief from the judgment or, in the alternative, a new trial, is denied. The court will prepare a separate order consistent with this memorandum.

6/3/05

Hon. Jeffrey R. Hughes
United States Bankruptcy Judge

Signed this 3rd day of June, 2009
at Grand Rapids, Michigan.

3